UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORTTNEY ELLIOTT,<br><br>                Plaintiff,<br><br>    v.<br><br>LUCERO BARRALES RAMO D/B/A LUCERO'S FLOWER SHOP; KIMBERLY WINFREY; and DOES 1 to 10,<br><br>                Defendants. | Case No.: 2:25-cv-07764-MEMF-SSC<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS** |

      On August 19, 2025, Plaintiff Korttney Elliott ("Elliott") filed a Complaint against Defendants Lucero Barrale Ramo doing business as Lucero's Flower Shop "Ramo"; Kimberly Winfrey ("Winfrey"); and Does 1 to 10 (together with Ramo, "Defendants"), asserting: (1) a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010–12213; (2) a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–52, *et seq.*; (3) a claim for damages pursuant to the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.*; (4) a claim for damages and injunctive relief based on California Health and Safety Code § 19955, *et seq.*; (5) a claim for damages for negligence. Dkt. No. 7. The Complaint alleges that this Court has jurisdiction over the

1  ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and that the state law claims are brought
2  "pursuant to pendant [sic] jurisdiction." *Id.* at ¶¶ 6–7.
3      Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,
4  28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when
5  deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in
6  each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,
7  and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)
8  (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).
9      California law sets forth a heightened pleading standard for a limited group of lawsuits
10 brought under the Unruh Act. *See* Cal. Civ. Proc. Code §§ 425.55(a)(2) & (3). The stricter pleading
11 standard requires certain plaintiffs bringing construction-access claims like the one in the instant
12 case to file a verified complaint alleging specific facts concerning the plaintiff's claim, including the
13 specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff
14 encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). A "high-frequency
15 litigant fee" is also imposed on certain plaintiffs and law firms bringing these claims. *See* Cal. Gov't
16 Code § 70616.5. A "high-frequency litigant" is "a plaintiff who has filed 10 or more complaints
17 alleging a construction-related accessibility violation within the 12-month period immediately
18 preceding the filing of the current complaint alleging a construction-related accessibility violation"
19 *and* "an attorney who has represented as attorney of record 10 or more high-frequency litigant
20 plaintiffs in actions that were resolved within the 12-month period immediately preceding the filing
21 of the current complaint alleging a construction-related accessibility violation." Cal. Civ. Proc. Code
22 §§ 425.55(b)(1) & (2). High frequency litigants are also required to state: (1) whether the complaint
23 is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-frequency litigant who
24 is a plaintiff, the number of complaints alleging construction-related accessibility claim filed by the
25 high-frequency litigant during the 12 months prior to filing the instant complaint; (3) the reason the
26 individual was in the geographic area of the defendant's business; and (4) the reason why the
27 individual desired to access the defendant's business." *See id.* § 425.50(a)(4)(A).
28

In light of the foregoing, the Court orders Elliott to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause:

1. Elliott shall identify the amount of statutory damages Elliott seeks to recover.
2. Elliott and Elliott's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2). This includes, but is not limited to:
    a. the number of construction-related accessibility claims filed by Elliott in the twelve months preceding the filing of the present claim; and
    b. the number of construction-related accessibility claims in which Elliott's counsel has represented high-frequency litigant plaintiffs in the twelve months preceding the filing of the present claim.

Elliott shall file a Response to this Order to Show Cause by no later than fourteen days from the date of this order. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Unruh Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: September 9, 2025

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge